# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BREYON JAVA GIBBS, | ) |
| Plaintiff, | ) |
| v. | ) CV420-002 |
| CHATHAM COUNTY JAIL, | ) |
| Defendant. | ) |

## ORDER

Proceeding *pro se* and *in forma pauperis* plaintiff brings this 42 U.S.C. § 1983 complaint alleging deprivation of medical care and excessive force. The Court now screens plaintiff's complaint under 28 U.S.C. § 1915A.[1]

## BACKGROUND

Plaintiff alleges that he was the victim of a violent crime. Doc. 1 at 7. More specifically; he claims that he suffered multiple gunshot wounds during an

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

unidentified altercation. *Id.* When police responded to the scene, they found drugs in his possession and arrested him. *Id.* He apparently received some kind of treatment for his wounds (he references surgery and flatlining) and was discharged to the custody of the jail. *Id.* However, he has not been provided therapy which he contests is necessary for the use of his legs. *Id.* at 708. Also, while he was in the Chatham County Jail he was transported to a hospital—presumably for further treatment. *Id.* at 6. While transportation was ongoing, the driver of the van took a curve too fast and he was thrown from his wheelchair sustaining injuries. *Id.*

## ANALYSIS

Liberally construing plaintiff's complaint, he attempts to allege a claim for denial of medical care in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the Constitution imposes a duty upon prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care."). "[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotes and cite omitted). Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner must show that: (1) he had a serious

medical need; (2) defendants were deliberately indifferent to that need; and (3) some injury was caused by defendants' indifference. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). The standard for proving a "serious medical need" is quite exacting. The Court of Appeals defines it as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010). Whether a serious medical need existed is an objective standard. *Miller v. Turner*, 445 F. App'x 159, 161-62. However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans*, 626 F.3d at 564 (citations omitted) (alteration in original).

Plaintiff also appears to be bringing a complaint for excessive force. The use of force in a custodial setting violates the Eighth Amendment's prohibition against cruel and unusual punishment when it is not applied in a good-faith effort to maintain or restore discipline but, rather, is administered "maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 5–6 (1992);

*Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019).  It is not necessary that the use of force resulted in a serious injury, as the focus is directed to the nature of the act, not its degree.  *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010).

Regardless of the seriousness of the assertions, plaintiff's complaint cannot proceed.  Plaintiff has sued the Chatham County Jail, but the Jail is not an entity subject to suit under § 1983.  *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments are not considered legal entities subject to suit), *cited by Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003); *Bembry v. St. Lawrence*, 2007 WL 4256984 at *2 (S.D. Ga. Nov. 30, 2007) ("Chatham County Jail [] is not an entity subject to suit under § 1983").

Because plaintiff has named a defendant not subject to suit under § 1983, his complaint should generally be dismissed.  However, a *pro se* plaintiff is granted at least one opportunity to amend.  *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the

4

action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires").  That is the case here.  Accordingly, plaintiff shall have **thirty days** from the date of this Order to file an amended complaint identifying defendants allegedly responsible for the challenged conduct.  Plaintiff is warned that any amended complaint will supersede the original complaint and therefore must be complete in itself.  *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleadings").  Failure to file an amended complaint will result in a recommendation of dismissal.

## CONCLUSION

Accordingly, plaintiff is **DIRECTED** to file an amended complaint within thirty days from the date of this order.  Meanwhile, it is time for plaintiff to pay his filing fees. Plaintiff's prisoner trust fund account statement reflects $370.67 in average monthly deposits and a $437.50 average monthly balance.  Based upon his furnished information, he owes a $87.50 initial partial filing fee.  See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist,"

under a specific 20 percent formula) (emphasis added). Furthermore, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order. A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO ORDERED**, this 29th day of July, 2020.

/s/ Christopher L. Ray
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia