UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BREYON JAVA GIBBS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV420-002 |
| OFFICER A. MAYCOCK and L.T. HARN, | ) ) ) ) |
| Defendants. | ) ) |

# REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff brings this 42 U.S.C. § 1983 action as a result of injuries he sustained while being transported from the jail to the hospital. Docs. 1, 9. Plaintiff was previously ordered to amend his complaint, as his initial complaint named Chatham County Jail as the sole defendant and § 1983 claims cannot be brought against jails. Doc. 8 at 4. The Court, in its prior Order, notified plaintiff that "any amended complaint will supersede the original complaint and therefore must be complete in itself." *Id*. at 5.[1]

---

[1] "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).

Though not filed within the timeframe set by the Court, plaintiff did file an Amended Complaint. Doc. 9. The Court now screens plaintiff's Amended Complaint under 28 U.S.C. § 1915A.[2]

## BACKGROUND[3]

In his Amended Complaint, plaintiff alleges he was to be transported from the Chatham County Jail to Memorial Health Center on October 9, 2019. Doc. 9 at 5. Plaintiff, who was confined to a wheelchair at the time, alleges it was improperly secured in the transport vehicle by unidentified officers. *Id.* He further alleges that when defendant Maycock, the officer driving the vehicle, took a curve in the road too fast, plaintiff, who was already suffering from multiple gunshot wounds, was thrown from the wheelchair and suffered injury to his neck,

---

[2] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

[3] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

back, and his previously injured hip, groin, and left leg. *Id.* Plaintiff also identifies "L.T Harn" as a defendant, but he does not describe defendant Harn's specific role in the incident. *Id.* at 1, 4, 5.

## ANALYSIS

The Court first examines plaintiff's claim against defendant Maycock, whom plaintiff alleges took a curve too fast while driving plaintiff to the hospital. Doc. 9 at 5. In order to successfully state a claim under the Cruel and Unusual Punishments Clause of the Eighth Amendment, plaintiff must allege conduct by a prison official that is "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if he is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016). To establish an Eighth Amendment claim of deliberate indifference, plaintiff must allege facts sufficient to show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cty.*, 50

F.3d 1579, 1582 (11th Cir. 1995). The element of deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Lane*, 835 F.3d at 1308 (citation omitted). Specifically, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Here, plaintiff fails to allege defendant Maycock was even aware plaintiff's wheelchair was not sufficiently fastened into the vehicle. At best, the Court construes plaintiff's allegations against defendant Maycock to be negligent driving. "An accident, although it may produce added anguish, is not on that basis alone to be characterized" as a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Nothing in the Amended Complaint gives rise to the inference that defendant Maycock's actions exceeded mere negligence, and therefore plaintiff fails to state a § 1983 claim against him. *See Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996) (holding "motor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation actionable under § 1983, absent a showing that

the official knew an accident was imminent but consciously and culpably refused to prevent it."); *Jackson v. Perry*, No. 5:17-cv-11, 2017 WL 3138553, at * 5 (S.D. Ga. July 24, 2017) (prisoner plaintiff, who was injured when he was thrown to the floor of a transport van after driver exceeded the speed limit, alleged no more than negligence against driver), *adopted by* 2017 WL 4853725 (S.D. Ga. Oct. 26, 2017).

Additionally, it is not clear from the Amended Complaint which officers were actually involved in the securing of plaintiff's wheelchair to the transport vehicle, and plaintiff has failed to assert any facts that imply such officers acted with deliberate indifference, as opposed to mere negligence, when they prepared plaintiff for transport. While plaintiff states the officers failed to follow the existing protocol concerning transporting wheelchair confined inmates, doc. 9 at 5, this alone does not state a constitutional violation. See Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."). Furthermore, the Eleventh Circuit has held that requiring prisoners to ride in a van without car seats and seat belts does not violate the Eighth Amendment, as it does not constitute a sufficiently

5

risky condition. *See Smith v. Sec'y for Dep't of Corr.*, 252 F. App'x 301, 304 (11th Cir. 2007) ("[W]e cannot say that riding in a van equipped with the manufacturer's car seats, seat belts, and windows is a necessity, such that riding in a van without these characteristics is a deprivation of the minimal measure of life's necessities or is something that modern society would find intolerable."). For these reasons, plaintiff's allegations concerning the failure to properly secure him in the transport vehicle fail to state a claim under § 1983.

Finally, plaintiff's Amended Complaint does not include any specific allegations concerning defendant Harn.[4] In the absence of any allegations, he cannot proceed with a claim against this defendant. *See Anderson v. Fulton Cty. Gov't*, 485 F. App'x 394, 396 (11th Cir. 2012) (dismissal proper where complaint did not describe any specific allegations against defendant).

As plaintiff fails to assert a viable § 1983 claim in his Amended Complaint,[5] any potential state law claims of negligence cannot go

---

[4] It is certainly possible defendant Harn was one of the officers who prepared plaintiff for transport. Doc. 9 at 5. Even if the Court inferred that Harn was one of those officers, for the reasons explained above, the facts allege no more than negligence, which is insufficient to support a § 1983 claim.

[5] Plaintiff's original Complaint vaguely suggested a claim of deliberate indifference

forward in this action, which plaintiff has styled as a § 1983 action. If plaintiff seeks to proceed against any of the defendants under Georgia's negligence laws, he must connect his state law claims to at least one viable constitutional claim or otherwise state a separate basis for this Court's jurisdiction. *See Williams v. Morales*, 2018 WL 2087247 at *3 (S.D. Ga. May 4, 2018) (*citing inter alia, Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, plaintiff fails to assert a jurisdictional basis for any state law claims, and accordingly, any state law claims of negligence should be dismissed.

---

to his medical needs as well as other allegations related to a shooting incident. *See* doc. 1. However, he has not included these claims in his Amended Complaint, and therefore the Court considers them abandoned. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'").

## CONCLUSION

As Plaintiff's Amended Complaint fails to state any viable § 1983 claims, and as the Court does not have jurisdiction over any state law claims, the Court **RECOMMENDS** this action be dismissed.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 21st day of April, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA