# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BREYON JAVA GIBBS,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )        CV420-002
                                  )
CHATHAM COUNTY JAIL,              )
OFFICER A. MAYCOCK,               )
L.T. HARN, and JOHN DOES,         )
                                  )
            Defendants.           )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is plaintiff's second motion for leave to proceed *in forma pauperis*. Doc. 12. Plaintiff has already been granted *in forma pauperis* status in this case. Doc. 4. Therefore, the motion is **DISMISSED as moot**. Plaintiff has also filed a Second Amended Complaint. Doc. 11. Leave to amend the complaint is **GRANTED**; however, the Court **RECOMMENDS** that the Second Amended Complaint be **DISMISSED** for failure to state a claim on which relief can be granted.

The Court directed plaintiff to amend his original pleadings as he named a defendant not subject to suit under 42 U.S.C. § 1983—Chatham

County Jail.  Doc. 8.  Plaintiff's first Amended Complaint appears to drop Chatham County Jail and substitute individual jail personnel.  See doc. 9 at 4.  The Court construes this as a notice of voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  *See Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)).  Therefore, Chatham County Jail is **DISMISSED** from this case by rule.  Fed. R. Civ. P 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

Upon review of the Amended Complaint, the Court recommended that this case be dismissed because the pleadings failed to state a claim for which relief could be granted.  Doc. 10.  Plaintiff did not object to the Court's Report and Recommendation (R&R) but has filed a Second Amended Complaint.  Doc. 11.  He neither requested nor received leave to file this amendment.  Fed. R. Civ. Pro. 15(a)(1) (granting a single opportunity to amend as a matter of course).  The Court construes the Second Amended Complaint as a motion to amend.  As the proposed

amendment addresses the deficiencies identified in the R&R, the Court **GRANTS** the motion to amend. Doc. 11. The Second Amended Complaint will be screened pursuant to 28 U.S.C. § 1915A.[1]

## BACKGROUND[2]

Plaintiff's Second Amended Complaint provides additional details about his interactions with the defendants. He alleges that on October 9, 2019, he was transported from the Chatham County Detention Center to Memorial Health University Medical Center. Doc. 11 at 5. Plaintiff is confined to a wheelchair. *Id.* While he was being loaded into the ambulance for transport, he advised an unnamed defendant that he need to be properly restrained because the wheelchair was likely to roll even with the brakes engaged. *Id.* The defendants did not take his concern

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

[2] In screening the Complaint, the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

seriously and responded, "man, you'll be ok [sic]." *Id*.

Plaintiff then raised he concern with defendant Horn, who took plaintiff's seatbelt, threaded it through the wheelchair's wheel, and attached it to the vehicle's floor. *Id*. Horn facetiously commented, "there, you feel better?" and "[d]on't worry about it man, you'll be alright." *Id*. Before the ambulance departed, plaintiff advised defendant Maycock that he did not feel as though the wheelchair was properly secured and was concerned that he was no longer strapped to the chair. *Id*.

During the transport, the ambulance took a curve too quickly. Doc. 9 at 5. Plaintiff, who was already suffering multiple gunshot wounds, fell from the wheelchair, causing injuries to his back, neck, and previously injured body parts. *Id*.

## ANALYSIS

Plaintiff alleges that the failure of prison officials to secure his wheelchair constituted cruel and unusual punishment under the Eighth Amendment. The Court previously recommended dismissal because plaintiff's Complaint and First Amended Complaint failed to clearly allege who was involved in securing the wheelchair and that those individuals were deliberately indifferent to a serious risk of injury. Doc.

10 at 4–6.   Though the Second Amended Complain addresses these deficiencies, it still falls short of adequately alleging an Eighth Amendment violation.

To state a claim for cruel and unusual punishment, plaintiff must allege conduct by a prison official that is "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).   "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if he is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury."   *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016).   To establish an Eighth Amendment claim of deliberate indifference, plaintiff must demonstrate "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

To demonstrate a substantial risk of serious harm, plaintiff must "allege conditions that were sufficiently serious to violate the Eighth Amendment, i.e., conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Lane*,

835 F.3d at 1307.  The Second Amended Complaint, viewed in the light most favorable to plaintiff, alleges that he required a wheelchair, was not properly secured while being transported to the hospital, was thrown from the chair when the vehicle took a curve quickly, and suffered injuries or aggravated existing injuries.  The facts alleged, even taken as true, do not rise to the level of a substantial risk of serious harm needed to constitute cruel and unusual punishment.  *See Hunt v. Warden*, 748 F. App'x 989, 899 (11th Cir. 2018) (transporting a prisoner requiring a wheelchair in a vehicle that was not wheelchair accessible "did not pose an objectively serious risk to Plaintiff's health and safety"); *see also Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (transporting prisoners "without safety restraints" does not present "a 'substantial risk of serious harm'").  As plaintiff has not demonstrated that he was at risk of a serious harm, he has not stated an Eighth Amendment claim.  Therefore, the claim should be **DISMISSED**.

## CONCLUSION

Accordingly, plaintiff's second motion for leave to proceed IFP is **DENIED as moot**.  Doc. 12.  The Court **GRANTS** plaintiff leave to file his Second Amended Complaint.  As the Second Amended Complaint fails

to state any viable § 1983 claim, the Court **RECOMMENDS** that this action be **DISMISSED**. This Supplemental Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 17th day of May,

2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA